## CIRCUIT COURT OF FAIRFAX COUNTY

Joan L. Dollar

v.

Bank of Potomac, Inc., et al.

### Case No. (Chancery) 124115

Bank of Potomac, Inc.

v.

Josephine Dollar

### Case No. (Law) 120539
### April 13, 1993

By Judge Robert W. Wooldridge, Jr.

These matters are before me on the complainant's demurrer to Bank of Potomac, Inc.'s Cross-Bill of Complaint in Chancery No. 124115 and defendant's demurrer to the Motion for Judgment in Law No. 120539. For the reasons stated briefly below, both demurrers are sustained.

The issue in both cases is the same. Joan Dollar, complainant in Chancery No. 124115, and Josephine Dollar, defendant in law No. 120539, hereinafter "the Dollars," executed a promissory note in favor of the Bank of Potomac that was secured by a second deed of trust. The Bank of Potomac foreclosed on the second deed of trust. Joan Dollar filed Chancery No. 124115 as a suit to set aside the foreclosure. This Court rules against Joan Dollar, declining to set aside the foreclosure. By its Cross-Bill in that suit, the Bank of Potomac seeks to recover its attorney's fees in defending the suit to set aside the foreclosure.

Josephine Dollar was named as a defendant in the chancery action. She made no appearance in the suit. After this Court's ruling and

refusal to set aside the foreclosure, the Bank of Potomac filed Law No. 120539 against Josephine Dollar to recover its attorney's fees incurred in defending Chancery No. 124115.

The promissory note executed by the Dollars provides that they shall pay all reasonable attorney's fees "that may be incurred in collecting this Note or any unpaid portion thereof."[1] The court finds that attorney's fees incurred in defending the suit to set aside an earlier foreclosure are not attorney's fees incurred in collecting the Note. Even though the Cross-Bill alleges (in Paragraph 2) that the attorney's fees incurred "[a]s a result of the complaint" are incurred by the Bank of Potomac "in its efforts to collect on the Note," I find that not to be the case.

---

[1] The note is an exhibit to the pleadings in the chancery proceeding. The note was not attached as an exhibit to the Motion for Judgment in the law action. The Court treats the matters as consolidated for the purpose of determining the terms of the note in the law action, as well as the chancery suit. There is no reason to believe that the terms of the note are contested.